Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
jformichella@walsh.law
lmalakoff@walsh.law

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

Nicholas Groombridge*
Josephine Young*
Jenny Wu*
Naz E. Wehrli*
Joshua Reich*
Aileen Huang*
Ananya Pillutla*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
565 Fifth Ave
Suite 2900
New York, NY 10017
(332) 269-0030

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
801 17th St NW, Suite 1050
Washington, DC 20006
(202) 505-5830

**Pro hac vice* forthcoming.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOVO NORDISK INC. and NOVO NORDISK A/S,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>Defendants. | C.A. No. _____________ |

**COMPLAINT**

Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk"), for their Complaint against Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL"), allege as follows:

**THE PARTIES**

1. Plaintiff Novo Nordisk Inc. ("NNI") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

2. Plaintiff Novo Nordisk A/S ("NNAS") is an entity organized and existing under the laws of the Kingdom of Denmark, having its principal place of business at Novo Allé, 2880 Bagsvaerd Denmark. NNI is an indirect, wholly-owned subsidiary of NNAS.

3. On information and belief, Defendant Dr. Reddy's Laboratories, Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Door No. 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India. On information and belief, Dr. Reddy's Laboratories, Ltd. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of New Jersey and throughout the United States.

4. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 107 College Road East, Princeton, New Jersey 08540. On information and belief, Dr. Reddy's Laboratories, Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of New Jersey and throughout the United States.

5. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a wholly owned subsidiary of Defendant Dr. Reddy's Laboratories, Ltd.

6. On information and belief, Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. acted in concert to prepare and submit Abbreviated New Drug Application ("ANDA") No. 221759 ("DRL's ANDA") to the United States Food and Drug Administration ("FDA").

7. On information and belief, Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. collaborate to develop, manufacture, seek regulatory approval for, import, market, distribute, and sell generic pharmaceutical products in the State of New Jersey and throughout the United States.

**NATURE OF THE ACTION**

8. This action arises under the patent laws of the United States, Title 35, United States Code, § 100 *et seq.*, including 35 U.S.C. §§ 271(a), (b), (c), and (e), arising from DRL's submission of DRL's ANDA by which DRL seeks approval of a generic version of Novo Nordisk's pharmaceutical product WEGOVY® HD (semaglutide) injection prior to the expiration of United States Patent Nos. 11,318,191 ("the '191 Patent"); 12,214,017 ("the '017 Patent"); and 12,551,536 ("the '536 Patent") (collectively, the "Asserted Patents"), which cover, *inter alia*, WEGOVY® HD (semaglutide) injection and/or its use.

9. NNAS is the owner of all rights, title, and interest in the Asserted Patents.

10. NNI is the holder of New Drug Application ("NDA") No. 215256 for WEGOVY® (semaglutide) injection, for subcutaneous use, administered with 0.25 mg/0.5 mL, 0.5 mg/0.5 mL, 1 mg/0.5 mL, 1.7 mg/0.75 mL, 2.4 mg/0.75 mL, and 7.2 mg/0.75 mL pre-filled single-dose pens, which NNI sells under the trade name WEGOVY®. NNI markets the 7.2 mg/0.75 mL pre-filled single-dose pen as WEGOVY® HD (semaglutide) injection. WEGOVY® and WEGOVY® HD are

marketed and sold with common documentation for the prescribing information, instructions for use, and medication guide. NNI holds the exclusive right to sell, distribute, and market WEGOVY® (semaglutide) injection and WEGOVY® HD (semaglutide) injection in the United States.

11. The Asserted Patents are listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") in connection with WEGOVY® HD (semaglutide) injection and the related NDA.

**NOVO NORDISK'S WEGOVY® INJECTION**

12. The WEGOVY® Label states that "WEGOVY injection is indicated in combination with a reduced calorie diet and increased physical activity: . . . To reduce excess body weight and maintain weight reduction long term in:

- Adults and pediatric patients aged 12 years and older with obesity.
- Adults with overweight in the presence of at least one weight-related comorbid condition."

13. WEGOVY® injection is to be administered once weekly by subcutaneous injection.

14. The WEGOVY® Label further instructs to administer WEGOVY® injection once weekly according to a dose escalation schedule that includes an initiating dosage at 0.25 mg of semaglutide for four weeks, 0.5 mg for the next four weeks, 1 mg for the next four weeks, and 1.7 mg for the next four weeks after that. After sixteen weeks, the WEGOVY® Label instructs to administer the maintenance dosage, which for weight reduction in adults "is either 1.7 mg or 2.4 mg (recommended) injected subcutaneously once weekly." The WEGOVY® Label further instructs, for "patients who tolerate the 2.4 mg dosage for at least 4 weeks and additional weight reduction is clinically indicated, the dosage may be increased to a maximum dosage of 7.2 mg subcutaneously once weekly."

15. The active ingredient in WEGOVY® is semaglutide and its structure is:

**Figure 1. Structural Formula of semaglutide**



16. WEGOVY® injection is an aqueous solution administered, among other presentations, with a single-dose pen. Each 0.5 mL single-dose pen contains a solution containing 0.25 mg, 0.5 mg, or 1 mg of semaglutide; and each 0.75 mL single-dose pen contains a solution containing 1.7 mg, 2.4 mg, or 7.2 mg of semaglutide. Thus, each 1 mL of WEGOVY® injection from a single-dose pen contains 0.5 mg, 1 mg, 2 mg, 2.3 mg, 3.2 mg, or 9.6 mg of semaglutide depending on the dosage.

17. The WEGOVY® Label lists 1.42 mg disodium phosphate dihydrate (also known as disodium hydrogen phosphate dihydrate), 8.25 mg sodium chloride, and water for injection as inactive ingredients in each 1 mL of WEGOVY® administered with a single-dose pen. WEGOVY® injection has a pH of approximately 7.4. Hydrochloric acid or sodium hydroxide may be added to adjust pH.

**<u>DRL'S ANDA AND PARAGRAPH IV CERTIFICATION</u>**

18. On information and belief, Dr. Reddy's Laboratories, Inc., acting as the U.S. agent for Dr. Reddy's Laboratories, Ltd., submitted DRL's ANDA under Section 505(j) of the Federal

Food, Drug, and Cosmetic Act ("FFDCA"), *i.e.*, 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, and/or sell a generic version of semaglutide injection, 7.2 mg/0.75 mL for subcutaneous use, pursuant to DRL's ANDA ("DRL's ANDA Product").

19. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. and Defendant Dr. Reddy's Laboratories, Ltd. acted in concert to prepare and submit DRL's ANDA.

20. On information and belief, following any FDA approval of DRL's ANDA, Defendant Dr. Reddy's Laboratories, Inc. and Defendant Dr. Reddy's Laboratories, Ltd. will act in concert to distribute and sell DRL's ANDA Product throughout the United States, including within New Jersey.

21. On information and belief, DRL's ANDA refers to and relies upon WEGOVY®'s NDA and contains data that, according to DRL, demonstrate the bioequivalence of DRL's ANDA Product and WEGOVY®.

22. On information and belief, DRL made and included in DRL's ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in their opinion and to the best of their knowledge, the Asserted Patents are invalid and/or not infringed.

23. Novo Nordisk received written notice of DRL's ANDA and Paragraph IV Certification as to the Asserted Patents ("Notice Letter"), which was dated August 4, 2026, along with an enclosed statement that is required to state all the factual and legal bases for stating that the commercial manufacture, use, or sale of DRL's ANDA Product allegedly will not infringe any valid claim of the Asserted Patents and that the Asserted Patents allegedly are invalid and/or unenforceable (the "Detailed Statement").

24. This action is being commenced within 45 days of receipt of the Notice Letter.

25. DRL has infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by filing DRL's ANDA with a Paragraph IV Certification and seeking FDA approval of DRL's ANDA before the expiration of the Asserted Patents or any extensions thereof.

26. DRL has infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by the submission of DRL's ANDA, including any amendments or supplements thereof, seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States DRL's ANDA Product before the expiration of the Asserted Patents or any extensions thereof.

27. DRL will infringe one or more claims of the Asserted Patents under 35 U.S.C. § 271(a), (b), or (c) should DRL engage in, induce, or contribute to the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of DRL's ANDA Product before the expiration of the Asserted Patents or any extensions thereof.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

29. This Court has personal jurisdiction over Defendant Dr. Reddy's Laboratories, Inc. by virtue of, *inter alia*, its being incorporated in the State of New Jersey and having a principal place of business in Princeton, NJ, and its having engaged in systematic and continuous contacts with the State of New Jersey; its having previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or its having previously asserted claims and counterclaims in prior District of New Jersey actions. *See, e.g.*, *AbbVie Inc. et al v. Dr. Reddy's Laby's, Ltd. et al*, Civ. No. 3:25-cv-19039, D.I. 21 (D.N.J. Mar. 24, 2026); *Incyte Corp et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 1:25-cv-17832, D.I. 14 (D.N.J. Mar. 9, 2026); *Pharmacosmos A/S et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03967, D.I. 11 (D.N.J. July 14, 2025); *Aurinia*

*Pharms. Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03693, D.I. 10 (D.N.J. July 7, 2025); *Impax Laby's, LLC v. Dr. Reddy's Laby's, Ltd. et al*, Civ. No. 2:24-cv-07875, D.I. 9 (D.N.J. Nov. 18, 2024); *American Regent Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:24-cv-07799, D.I. 16 (D.N.J. Aug. 27, 2024); *Vifor (Int'l.) AG et al v. Dr. Reddy's Laby's, Ltd.*, Civ. No. 3:24-cv-06833, D.I. 35 (D.N.J. Sept. 9, 2024).

30. This Court also has personal jurisdiction over Dr. Reddy's Laboratories, Ltd. by virtue of, *inter alia*, its having engaged in systematic and continuous contacts with the State of New Jersey, including but not limited to through its United States subsidiary Dr. Reddy's Laboratories, Inc., which has a principal place of business in Princeton, NJ; its having previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or its having previously asserted claims and counterclaims in prior District of New Jersey actions. *See, e.g.*, *AbbVie Inc. et al v. Dr. Reddy's Laby's, Ltd. et al*, Civ. No. 3:25-cv-19039, D.I. 21 (D.N.J. Mar. 24, 2026); *Incyte Corp et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 1:25-cv-17832, D.I. 14 (D.N.J. Mar. 9, 2026); *Pharmacosmos A/S et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03967, D.I. 11 (D.N.J. July 14, 2025); *Aurinia Pharms. Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03693, D.I. 10 (D.N.J. July 7, 2025); *Impax Laby's, LLC v. Dr. Reddy's Laby's, Ltd. et al*, Civ. No. 2:24-cv-07875, D.I. 9 (D.N.J. Nov. 18, 2024); *American Regent Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:24-cv-07799, D.I. 16 (D.N.J. Aug. 27, 2024); *Vifor (Int'l.) AG et al v. Dr. Reddy's Laby's, Ltd.*, Civ. No. 3:24-cv-06833, D.I. 35 (D.N.J. Sept. 9, 2024).

31. Although this Court has personal jurisdiction over Dr. Reddy's Laboratories, Ltd. for at least the reasons set forth above, in the absence of such personal jurisdiction in any single state, a foreign entity such as Dr. Reddy's Laboratories, Ltd. is subject to jurisdiction throughout the United States. *See* Fed. R. Civ. P. 4(k)(2); *see, e.g., Genetic Veterinary Scis., Inc. v.*

*LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1311–12 (Fed. Cir. 2019); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*., 890 F.3d 995, 1003 (Fed. Cir. 2018).

32. On information and belief, DRL intends to sell, offer to sell, use, and/or engage in the commercial manufacture of DRL's ANDA Product, directly or indirectly, throughout the United States and in this District. DRL's filing of DRL's ANDA confirms this intention and further subjects DRL to the specific personal jurisdiction of this Court.

33. Defendant Dr. Reddy's Laboratories, Inc. is incorporated in the State of New Jersey and therefore resides in this judicial district. Defendant Dr. Reddy's Laboratories, Ltd. is a foreign corporation not resident in the United States. Thus, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

### U.S. Patent No. 11,318,191

34. The allegations above are incorporated herein by reference.

35. Novo Nordisk A/S is the owner of all rights, title, and interest in the '191 Patent, entitled "GLP-1 Compositions and Uses Thereof." The USPTO duly and legally issued the '191 Patent on May 3, 2022. The '191 Patent names Dorthe Kot Engelund, Soeren Snitker, and Andrew Mark Louw as inventors. All named inventors assigned the '191 Patent to Novo Nordisk A/S. Novo Nordisk has the right to enforce the '191 Patent and sue for infringement thereof. A true and correct copy of the '191 Patent is attached to this Complaint as Exhibit 1.

36. The '191 Patent claims a liquid pharmaceutical composition comprising 0.5 to 10 mg/mL semaglutide, 0.0% (w/w) to 0.1% (w/w) phenol, and 8.2 to 8.9 mg/mL sodium chloride.

37. The '191 Patent also claims a method of treatment comprising administering to a subject in need thereof a therapeutically effective amount of the liquid pharmaceutical composition

comprising 0.5 to 10 mg/mL semaglutide, 0.0% (w/w) to 0.1% (w/w) phenol, and 8.2 to 8.9 mg/mL sodium chloride.

**U.S. Patent No. 12,214,017**

38. The allegations above are incorporated herein by reference.

39. Novo Nordisk A/S is the owner of all rights, title, and interest in the ’017 Patent, entitled “GLP-1 Compositions and Uses Thereof.” The USPTO duly and legally issued the ’017 Patent on February 4, 2025. The ’017 Patent names Eva Horn Moeller, Michael Duelund Soerensen, and Joakim Lundqvist as inventors. All named inventors assigned the ’017 Patent to Novo Nordisk A/S. Novo Nordisk has the right to enforce the ’017 Patent and sue for infringement thereof. A true and correct copy of the ’017 Patent is attached to this Complaint as Exhibit 2.

40. The ’017 Patent claims a liquid pharmaceutical composition comprising semaglutide; wherein said composition (a) does not contain phenol; and (b) is administered parenterally; and (c)(i) is an aqueous solution comprising at least 60% (w/w) water or (ii) further comprises one or more pharmaceutically acceptable excipients selected from the group consisting of a buffer or an isotonic agent; and wherein the semaglutide is in the range of 0.01 mg/ml to 10.0 mg/ml; and wherein the pH of the composition is in between 7.0 and 7.8.

**U.S. Patent No. 12,551,536**

41. The allegations above are incorporated herein by reference.

42. Novo Nordisk A/S is the owner of all rights, title, and interest in the ’536 Patent, entitled “Semaglutide in Medical Therapy.” The USPTO duly and legally issued the ’536 Patent on February 17, 2026. The ’536 Patent names Maria Kabisch and Thomas Hansen as inventors. All named inventors assigned the ’536 Patent to Novo Nordisk A/S. Novo Nordisk has the right to enforce the ’536 Patent and sue for infringement thereof. A true and correct copy of the ’536 Patent is attached to this Complaint as Exhibit 3.

43. The ’536 Patent claims a method for reducing body weight of a subject in need thereof, comprising administering semaglutide subcutaneously to the subject in an amount of 2.0–10.0 mg weekly.

**COUNT I**
**(INFRINGEMENT OF THE ’191 PATENT)**

44. The allegations above are incorporated herein by reference.

45. DRL submitted DRL’s ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell DRL’s ANDA Product before the expiration of the ’191 Patent, and any extensions thereof.

46. The Notice Letter states that DRL’s ANDA was submitted to obtain approval to manufacture, use, offer to sell, and sell DRL’s ANDA Product before the expiration of the ’191 Patent. The Notice Letter represents that DRL’s ANDA was submitted with a Paragraph IV Certification that the ’191 Patent is “invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the drug products described by DRL’s ANDA.”

47. DRL has actual knowledge of the ’191 Patent.

48. DRL was required to include in its Detailed Statement for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed. *See* 21 C.F.R. § 314.95(c)(7).

49. On information and belief, DRL’s ANDA Product is covered by at least claim 1 of the ’191 Patent, and DRL has therefore infringed the ’191 Patent. The Detailed Statement does not allege that the ’191 Patent is unenforceable.

50. The WEGOVY® Label states that each 0.5 mL single-dose pen contains a solution containing 0.25 mg, 0.5 mg, or 1 mg of semaglutide; and each 0.75 mL single-dose pen contains

a solution containing 1.7 mg, 2.4 mg, or 7.2 mg of semaglutide. The single-dose pen for WEGOVY® HD contains a solution of 7.2 mg/0.75 mL of semaglutide.

51. The WEGOVY® Label lists 1.42 mg disodium phosphate dihydrate (also known as disodium hydrogen phosphate dihydrate), 8.25 mg sodium chloride, and water for injection as inactive ingredients in each 1 mL of WEGOVY® administered with a single-dose pen. WEGOVY® injection has a pH of approximately 7.4. Hydrochloric acid or sodium hydroxide may be added to adjust pH.

52. The WEGOVY® Label instructs patients to inject each single-dose pen of WEGOVY® HD subcutaneously.

53. The WEGOVY® HD formulation is covered by at least claim 1 of the ’191 Patent.

54. The WEGOVY® Label instructs physicians that “WEGOVY® injection is indicated in combination with a reduced calorie diet and increased physical activity: . . .

- To reduce excess body weight and maintain weight reduction long term in:
  - Adults and pediatric patients aged 12 years and older with obesity.
  - Adults with overweight in the presence of at least one weight-related comorbid condition.”

55. The use of WEGOVY® HD is claimed, among others, in at least claim 15 of the ’191 Patent.

56. Thus, WEGOVY® HD and any corresponding generic semaglutide injection are covered by at least claims 1 and 15 of the ’191 Patent.

57. The ’191 Patent is listed in the Orange Book for WEGOVY® HD.

58. On information and belief, DRL’s ANDA essentially copies the WEGOVY® Label and formulation as required by FDA, *see* 21 C.F.R. §§ 314.94(a)(8)(iv), 314.94(a)(9)(iii), 314.127(a)(8)(ii)(B), and as such, the liquid pharmaceutical composition in DRL’s ANDA Product is identical to that in WEGOVY® HD.

59. On information and belief, if DRL's ANDA is approved, DRL will make, use, offer for sale, sell, or import DRL's ANDA Product in a manner that would infringe at least claims 1 and 15 of the '191 Patent.

60. On information and belief, DRL's ANDA essentially copies the WEGOVY® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, promotes, and/or suggests that physicians, prescribers, and/or patients infringe at least claim 15 of the '191 Patent.

61. On information and belief, if DRL's ANDA is approved, physicians, prescribers, and/or patients will follow the instructions in the proposed label for DRL's ANDA Product and thereby infringe at least claim 15 of the '191 Patent.

62. WEGOVY® HD and any corresponding generic semaglutide injection formulation is not a staple article of commerce and has no substantial approved uses that do not infringe at least claims 1 and 15 of the '191 Patent. On information and belief, DRL's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 1 and 15 of the '191 Patent.

63. DRL has infringed at least claims 1 and 15 of the '191 Patent under 35 U.S.C. § 271(e)(2)(A) by their submission of DRL's ANDA to FDA seeking to obtain approval for DRL's ANDA Product, which is covered by at least claims 1 and 15 of the '191 Patent, before the expiration of the '191 Patent.

64. The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under DRL's ANDA would directly infringe at least claim 1 of the '191 Patent under 35 U.S.C. § 271(a).

65. The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under DRL's ANDA would infringe directly or contribute to or induce infringement of at least claims 1 and 15 of the '191 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

66. Novo Nordisk seeks an order requiring that DRL amend its Paragraph IV Certification in DRL's ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

67. Novo Nordisk seeks an order declaring that DRL has infringed at least claims 1 and 15 of the '191 Patent by submitting DRL's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

68. Novo Nordisk seeks an order pursuant to 35 U.S.C. § 271(e)(4), including an order that the effective date of any FDA approval of DRL's ANDA be a date that is not earlier than the expiration of the '191 Patent or any later expiration of extensions, adjustments, and exclusivities for the '191 Patent to which Novo Nordisk becomes entitled.

69. Novo Nordisk seeks an order declaring that DRL will infringe at least claims 1 and 15 of the '191 Patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing DRL's ANDA Product before the expiration of the '191 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

70. Novo Nordisk will be irreparably harmed if DRL is not enjoined from infringing, actively inducing, or contributing to the infringement of at least claims 1 and 15 of the '191 Patent. Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Novo Nordisk is entitled to a permanent injunction against further infringement. Novo Nordisk does not have an adequate remedy at law.

71. On information and belief, DRL's Detailed Statement setting forth the factual and legal bases for their opinion regarding infringement and validity of the '191 Patent is devoid of an

objective good faith basis in the facts or the law. This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

72. To the extent DRL commercializes DRL's ANDA Product prior to the expiration of the '191 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. § 284 and 35 U.S.C. § 271(e)(4)(C).

**COUNT II**
**(INFRINGEMENT OF THE '017 PATENT)**

73. The allegations above are incorporated herein by reference.

74. DRL submitted DRL's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell DRL's ANDA Product before the expiration of the '017 Patent, and any extensions thereof.

75. The Notice Letter states that DRL's ANDA was submitted to obtain approval to manufacture, use, offer to sell, and sell DRL's ANDA Product before the expiration of the '017 Patent. The Notice Letter represents that DRL's ANDA was submitted with a Paragraph IV Certification that the '017 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the drug products described by DRL's ANDA."

76. DRL has actual knowledge of the '017 Patent.

77. DRL was required to include in its Detailed Statement for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed. *See* 21 C.F.R. § 314.95(c)(7).

78. The Detailed Statement does not provide any separate factual bases for stating that the '017 Patent will not be infringed by DRL's ANDA Product apart from arguing that the '017 Patent is invalid. If DRL had any reasonable basis for asserting that DRL's ANDA Product is not covered by the claims of the '017 Patent, DRL was required to provide a full and detailed

explanation as to why. Accordingly, on information and belief, DRL's ANDA Product is covered by at least claim 1 of the '017 Patent, and DRL has therefore infringed the '017 Patent. The Detailed Statement does not allege that the '017 Patent is unenforceable.

79. The WEGOVY® Label states that each 0.5 mL single-dose pen contains a solution containing 0.25 mg, 0.5 mg, or 1 mg of semaglutide; and each 0.75 mL single-dose pen contains a solution containing 1.7 mg, 2.4 mg, or 7.2 mg of semaglutide. The single-dose pen for WEGOVY® HD contains a solution of 7.2 mg/0.75 mL of semaglutide.

80. The WEGOVY® Label lists 1.42 mg disodium phosphate dihydrate (also known as disodium hydrogen phosphate dihydrate), 8.25 mg sodium chloride, and water for injection as inactive ingredients in each 1 mL of WEGOVY® administered with a single-dose pen. WEGOVY® injection has a pH of approximately 7.4. Hydrochloric acid or sodium hydroxide may be added to adjust pH.

81. The WEGOVY® Label instructs patients to inject each single-dose pen of WEGOVY® HD subcutaneously.

82. The WEGOVY® HD formulation is covered by at least claim 1 of the '017 Patent.

83. The WEGOVY® Label instructs physicians that "WEGOVY® injection is indicated in combination with a reduced calorie diet and increased physical activity: . . .

- To reduce excess body weight and maintain weight reduction long term in:
  - Adults and pediatric patients aged 12 years and older with obesity.
  - Adults with overweight in the presence of at least one weight-related comorbid condition."

84. The use of WEGOVY® HD is claimed, among others, in at least claim 8 of the '017 Patent.

85. Thus, WEGOVY® HD and any corresponding generic semaglutide injection are covered by at least claims 1 and 8 of the '017 Patent.

86. The ’017 Patent is listed in the Orange Book for WEGOVY® HD.

87. On information and belief, DRL’s ANDA essentially copies the WEGOVY® Label and formulation as required by FDA, *see* 21 C.F.R. §§ 314.94(a)(8)(iv), 314.94(a)(9)(iii), 314.127(a)(8)(ii)(B), and as such, the liquid pharmaceutical composition in DRL’s ANDA Product is identical to that in WEGOVY® HD.

88. On information and belief, if DRL’s ANDA is approved, DRL will make, use, offer for sale, sell, or import DRL’s ANDA Product in a manner that would infringe at least claims 1 and 8 of the ’017 Patent.

89. On information and belief, DRL’s ANDA essentially copies the WEGOVY® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, promotes, and/or suggests that physicians, prescribers, and/or patients infringe at least claim 8 of the ’017 Patent.

90. On information and belief, if DRL’s ANDA is approved, physicians, prescribers, and/or patients will follow the instructions in the proposed label for DRL’s ANDA Product and thereby infringe at least claim 8 of the ’017 Patent.

91. WEGOVY® HD and any corresponding generic semaglutide injection formulation is not a staple article of commerce and has no substantial approved uses that do not infringe at least claims 1 and 8 of the ’017 Patent. On information and belief, DRL’s ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 1 and 8 of the ’017 Patent.

92. DRL has infringed at least claims 1 and 8 of the ’017 Patent under 35 U.S.C. § 271(e)(2)(A) by their submission of DRL’s ANDA to FDA seeking to obtain approval for DRL’s

ANDA Product, which is covered by at least claims 1 and 8 of the ’017 Patent, before the expiration of the ’017 Patent.

93. The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under DRL’s ANDA would directly infringe at least claim 1 of the ’017 Patent under 35 U.S.C. § 271(a).

94. The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under DRL’s ANDA would infringe directly or contribute to or induce infringement of at least claims 1 and 8 of the ’017 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

95. Novo Nordisk seeks an order requiring that DRL amend its Paragraph IV Certification in DRL’s ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

96. Novo Nordisk seeks an order declaring that DRL has infringed at least claims 1 and 8 of the ’017 Patent by submitting DRL’s ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

97. Novo Nordisk seeks an order pursuant to 35 U.S.C. § 271(e)(4), including an order that the effective date of any FDA approval of DRL’s ANDA be a date that is not earlier than the expiration of the ’017 Patent or any later expiration of extensions, adjustments, and exclusivities for the ’017 Patent to which Novo Nordisk becomes entitled.

98. Novo Nordisk seeks an order declaring that DRL will infringe at least claims 1 and 8 of the ’017 Patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing DRL’s ANDA Product before the expiration of the ’017 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

99. Novo Nordisk will be irreparably harmed if DRL is not enjoined from infringing, actively inducing, or contributing to the infringement of at least claims 1 and 8 of the ’017 Patent.

Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Novo Nordisk is entitled to a permanent injunction against further infringement. Novo Nordisk does not have an adequate remedy at law.

100. On information and belief, DRL's Detailed Statement setting forth the factual and legal bases for their opinion regarding infringement and validity of the '017 Patent is devoid of an objective good faith basis in the facts or the law. This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

101. To the extent DRL commercializes DRL's ANDA Product prior to the expiration of the '017 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. § 284 and 35 U.S.C. § 271(e)(4)(C).

**COUNT III**
**(INFRINGEMENT OF THE '536 PATENT)**

102. The allegations above are incorporated herein by reference.

103. DRL submitted DRL's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell DRL's ANDA Product before the expiration of the '536 Patent, and any extensions thereof.

104. The Notice Letter states that DRL's ANDA was submitted to obtain approval to manufacture, use, offer to sell, and sell DRL's ANDA Product before the expiration of the '536 Patent. The Notice Letter represents that DRL's ANDA was submitted with a Paragraph IV Certification that the '536 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the drug products described by DRL's ANDA."

105. DRL has actual knowledge of the '536 Patent.

106. DRL was required to include in its Detailed Statement for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed. *See* 21 C.F.R. § 314.95(c)(7).

107. The Detailed Statement does not provide any separate factual bases for stating that the ’536 Patent will not be infringed by DRL’s ANDA Product apart from arguing that the ’536 Patent is invalid. If DRL had any reasonable basis for asserting that DRL’s ANDA Product is not covered by the claims of the ’536 Patent, DRL was required to provide a full and detailed explanation as to why. Accordingly, on information and belief, DRL’s ANDA Product is covered by at least claim 1 of the ’536 Patent, and DRL has therefore infringed the ’536 Patent. The Detailed Statement does not allege that the ’536 Patent is unenforceable.

108. The WEGOVY® Label instructs physicians that “WEGOVY® injection is indicated in combination with a reduced calorie diet and increased physical activity: . . .

- To reduce excess body weight and maintain weight reduction long term in:
  - Adults and pediatric patients aged 12 years and older with obesity.
  - Adults with overweight in the presence of at least one weight-related comorbid condition.”

109. The WEGOVY® Label states that the active ingredient in WEGOVY® is semaglutide.

110. The WEGOVY® Label further instructs to administer WEGOVY® once weekly according to a dose escalation schedule that includes an initiating dosage of semaglutide at 0.25 mg for four weeks, 0.5 mg for the next four weeks, 1 mg for the next four weeks, and 1.7 mg for the next four weeks after that. After sixteen weeks, the WEGOVY® Label instructs to administer the maintenance dosage, which for weight reduction in adults “is either 1.7 mg or 2.4 mg (recommended) injected subcutaneously once weekly.” The WEGOVY® Label further instructs, for “patients who tolerate the 2.4 mg dosage for at least 4 weeks and additional weight reduction is clinically indicated, the dosage may be increased to a maximum dosage of 7.2 mg subcutaneously once weekly.”

111. The WEGOVY® Label instructs patients to inject each single-dose pen of WEGOVY® HD subcutaneously.

112. The use of WEGOVY® HD in accordance with the WEGOVY® Label is claimed in at least claim 1 of the ’536 Patent.

113. Thus, the use of WEGOVY® HD and any corresponding generic semaglutide injection is covered by at least claim 1 of the ’536 Patent.

114. The ’536 Patent is listed in the Orange Book for WEGOVY® HD.

115. On information and belief, if DRL’s ANDA is approved, DRL will make, use, offer for sale, sell, or import DRL’s ANDA Product in a manner that, when used in accordance with the instructions of the proposed label for DRL’s ANDA Product, would infringe at least claim 1 of the ’536 Patent.

116. On information and belief, DRL’s ANDA essentially copies the WEGOVY® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, promotes, and/or suggests that physicians, prescribers, and/or patients infringe at least claim 1 of the ’536 Patent.

117. On information and belief, if DRL’s ANDA is approved, physicians, prescribers, and/or patients will follow the instructions in the proposed label for DRL’s ANDA Product and thereby infringe at least claim 1 of the ’536 Patent.

118. WEGOVY® HD and any corresponding generic semaglutide injection formulation is not a staple article of commerce and has no substantial approved uses that do not infringe at least claim 1 of the ’536 Patent. On information and belief, DRL’s ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 1 of the ’536 Patent.

119. On information and belief, DRL has infringed or will infringe at least claim 1 of the ’536 Patent under 35 U.S.C. § 271(e)(2)(A) by their submission of DRL’s ANDA to FDA seeking to obtain approval for DRL’s ANDA Product, which is covered by at least claim 1 of the ’536 Patent, before the expiration of the ’536 Patent.

120. The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under DRL’s ANDA would infringe directly or contribute to or induce infringement of at least claim 1 of the ’536 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

121. Novo Nordisk seeks an order requiring that DRL amend its Paragraph IV Certification in DRL’s ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

122. Novo Nordisk seeks an order declaring that DRL has infringed at least claim 1 of the ’536 Patent by submitting DRL’s ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

123. Novo Nordisk seeks an order pursuant to 35 U.S.C. § 271(e)(4), including an order that the effective date of any FDA approval of DRL’s ANDA be a date that is not earlier than the expiration of the ’536 Patent or any later expiration of extensions, adjustments, and exclusivities for the ’536 Patent to which Novo Nordisk becomes entitled.

124. Novo Nordisk seeks an order declaring that DRL will infringe at least claim 1 of the ’536 Patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing DRL’s ANDA Product before the expiration of the ’536 Patent under 35 U.S.C. §§ 271(b) and/or (c).

125. Novo Nordisk will be irreparably harmed if DRL is not enjoined from infringing, actively inducing, or contributing to the infringement of at least claim 1 of the ’536 Patent.

Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Novo Nordisk is entitled to a permanent injunction against further infringement. Novo Nordisk does not have an adequate remedy at law.

126. On information and belief, DRL's Detailed Statement setting forth the factual and legal bases for their opinion regarding infringement and validity of the '536 Patent is devoid of an objective good faith basis in the facts or the law. This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

127. To the extent DRL commercializes DRL's ANDA Product prior to the expiration of the '536 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. § 284 and 35 U.S.C. § 271(e)(4)(C).

## PRAYER FOR RELIEF

WHEREFORE, Novo Nordisk respectfully requests that this Court enter judgment in their favor against DRL and grant the following relief:

A. An adjudication that DRL has infringed one or more claims of each of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A), by submitting to FDA DRL's ANDA, including any amendments or supplements thereof, to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of DRL's ANDA Product before the expiration of the Asserted Patents, or any later period of exclusivity to which Plaintiffs are or may become entitled;

B. A judgment declaring that DRL will infringe directly, contribute to the direct infringement of, and/or induce the direct infringement of one or more claims of each of the Asserted Patents under 35 U.S.C. §§ 271(a), (b), and/or (c) if they market, manufacture, use, offer for sale, sell, distribute in, or import into the United States DRL's ANDA Product before the expiration of the Asserted Patents, or any later period of exclusivity to which Plaintiffs are or may become entitled;

C. An order requiring that DRL amend its Paragraph IV certification as to each of the Asserted Patents to a Paragraph III certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A);

D. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of DRL's ANDA for DRL's ANDA Product be a date that is not earlier than the latest date of the expiration of the Asserted Patents or any later period of exclusivity to which Novo Nordisk is or may become entitled;

E. A permanent injunction enjoining DRL, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the Asserted Patents or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in DRL's ANDA;

F. An order enjoining DRL, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the Asserted Patents, contributing to, or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of DRL's ANDA Product;

G. An assessment of pre-judgment and post-judgment interest and costs against DRL, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H. An award to Novo Nordisk of its attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

I. Such other and further relief as this Court may deem just and proper.

September 16, 2026

/s/ *Liza M. Walsh*
Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
jformichella@walsh.law
lmalakoff@walsh.law

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

OF COUNSEL:

Nicholas Groombridge*
Josephine Young*
Jenny Wu*
Naz E. Wehrli*
Joshua Reich*
Aileen Huang*
Ananya Pillutla*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
565 Fifth Ave
Suite 2900
New York, NY 10017
(332) 269-0030

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
801 17th St NW, Suite 1050
Washington, DC 20006
(202) 505-5830

**Pro hac vice* forthcoming.

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy in this action is related to the following pending litigation in this District: *Novo Nordisk Inc. et al. v. Apotex Inc.*, No. 24-9729-RMB-AMD (D.N.J.) (consolidated).

I hereby certify that, to the best of my knowledge, other than the above-listed proceeding, the matter in controversy is not the subject of or related to any other pending litigations in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action.

Dated: September 16, 2026

/s/ *Liza M. Walsh*
Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
jformichella@walsh.law
lmalakoff@walsh.law

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

OF COUNSEL:

Nicholas Groombridge*
Josephine Young*
Jenny Wu*
Naz E. Wehrli*
Joshua Reich*
Aileen Huang*
Ananya Pillutla*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
565 Fifth Ave
Suite 2900
New York, NY 10017
(332) 269-0030

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
801 17th St NW, Suite 1050
Washington, DC 20006
(202) 505-5830

**Pro hac vice* forthcoming.

**LOCAL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, *inter alia*, injunctive relief.

Dated: September 16, 2026

/s/ *Liza M. Walsh*
Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
jformichella@walsh.law
lmalakoff@walsh.law

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

OF COUNSEL:

Nicholas Groombridge*
Josephine Young*
Jenny Wu*
Naz E. Wehrli*
Joshua Reich*
Aileen Huang*
Ananya Pillutla*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
565 Fifth Ave
Suite 2900
New York, NY 10017
(332) 269-0030

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
801 17th St NW, Suite 1050
Washington, DC 20006
(202) 505-5830

**Pro hac vice* forthcoming.